338

SKIBS A/S DALFONN, as owner of the M/T Dalfonn, Libellant,

v.

S/T ALABAMA, her engines, etc., and the Texas Company (Texaco Inc.), Claimant-Respondent.

TEXACO INC., as owner of the S/T Alabama, Cross-Libellant,

v.

M/T DALFONN, her engines, etc., and Skibs A/S Dalfonn, Cross-Claimant-Respondent.

United States District Court
S. D. New York.
June 15, 1963.

Haight, Gardner, Poor & Havens, New York City, Richard G. Ashworth, New York City, of counsel, for libellant and cross-claimant-respondent.

Brush & Brush, New York City, Joseph M. Brush, New York City, of counsel, for cross-libellant.

METZNER, District Judge.

This is a motion to strike libellant's notice of examination before trial of three independent surveyors employed by the claimant-respondent shortly after a collision between two tankers.

The issue of the liability of both vessels was settled between the parties and an interlocutory decree entered, providing that the matter of damages be referred to a Commissioner to take proof thereon and report to the court. (Rule 43, Rules of Practice in Admiralty and Maritime Cases.) This method of determining damages in admiralty has a long history in this district and is the accepted method of finally disposing of the litigation.

In Coronet Phosphate Co. v. United States Shipping Co., 260 Fed. 846 (S.D. N.Y.1917), the court said, at page 848:

"The whole matter of damages is reserved for a reference usually, and to introduce matters of damages into the pleadings is merely to confuse the issues, as though it raised an issue which could properly arise upon the trial."

The question of the amount of damages is usually adjusted by the par-

ties without appearance before the Commissioner. If hearings are held by the Commissioner, the same tight schedule is not required as that which applies to the disposition of cases in the courtroom. The parties arrange for hearings to be held at their mutual convenience and adjournments are easily arranged to meet possible surprise in proof.

 It would appear that to allow oral deposition on the item of damages at this stage of the proceedings would only duplicate time and effort and compound the expense to the litigants. The procedure to be followed should be for the libellant to examine the surveyors before the Commissioner as part of the proceedings to fix damages.

Motion granted. So ordered.